ACCEPTED
03-14-00559-CR
5926044
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/2/2015 3:52:06 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00559-CR

COURT OF APPEALS

FOR THE

AUSTIN SUPREME JUDICIAL DISTRICT

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/2/2015 3:52:06 PM
JEFFREY D. KYLE
Clerk

ZANE LYNN BARTON,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

APPEAL FROM

THE 274TH JUDICIAL DISTRICT COURT

HAYS COUNTY, TEXAS

TRIAL COURT CAUSE NO. CR-13-0614

**STATE'S BRIEF**

ORAL ARGUMENT IS
NOT REQUESTED

Laura Garcia
Asst. Criminal District Attorney
712 S. Stagecoach Trail, Suite 2057
San Marcos, Texas 78666
Ph: (512) 393-7600 / Fax: (512) 393-2246
State Bar No. 24074249
laura.garcia@co.hays.tx.us
Attorney for the State of Texas

Page i

## NAMES OF PARTIES

Appellee:                State of Texas

Attorneys for the State:    Wesley H. Mau, Hays County District Attorney

At trial:              Laura Garcia, Asst. Criminal District Attorney

                      Brian Erskine, Asst. Criminal District Attorney

On appeal:           Laura Garcia,
Asst. Criminal District Attorney
712 S. Stagecoach Trail, Suite 2057
San Marcos, Texas 78666
State Bar No.24074249
Attorney for the State of Texas

Appellant:           Zane Lynn Barton

Attorney for Appellant:
At trial:              Jesus "Gabriel" Hernandez
507 West 10th Street
Austin, Texas 78701

                      Tracy Reyes Franklin
1920 Corporate Drive, Suite 108A
San Marcos, Texas 78666

On appeal:           Amanda Erwin
The Erwin Law Firm, L.L.P.
109 East Hopkins Street, Suite 200
San Marcos, Texas 78666

# TABLE OF CONTENTS

NAMES OF PARTIES ..................................................................................II

TABLE OF CONTENTS ............................................................................III

INDEX OF AUTHORITIES.......................................................................IV

STATEMENT OF THE CASE ......................................................................2

STATEMENT REGARDING ORAL ARGUMENT........................................2

STATEMENT OF FACTS............................................................................2

SUMMARY OF THE ARGUMENT...............................................................3

   STATE'S RESPONSE TO POINT OF ERROR .....................................3

   1. APPELLANT HAS FAILED TO ESTABLISH ERROR THAT FALLS BELOW THE STANDARD FOR TRIAL COUNSEL AS THE DEFENDANT WAS FOUND TO BE COMPETENT IN A MENTAL HEALTH EVALUATION ..............................................................5

   2. APPELLANT HAS FAILED TO ESTABLISH ANY FAILURE TO CONVEY THE PLEA OFFERS TO THE APPELLANT AS WELL AS FAILS TO MEET HIS BURDEN TO SHOW SUFFICIENT PREJUDICE............7

   3. APPELLANT HAS FAILED TO ESTABLISH HOW TRIAL COUNSEL'S MENTION OF APPELLANT'S POSSIBLE TESTIMONY IN TRIAL WAS AN EGREGIOUS ERROR THAT FELL BELOW THE STANDARD OF REASONABLE ASSISTANCE. IF ERROR AT ALL, NO PREJUDICE IS SHOWN AS THERE WERE MULTIPLE CURES.................8

CONCLUSION..........................................................................................12

PRAYER ..................................................................................................12

CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P., RULE 9.4 ...............................................................................................13

CERTIFICATE OF SERVICE ...................................................................14

# INDEX OF AUTHORITIES

**FEDERAL CASES**

*Strickland v. Washington,* 466 U.S. 668 (1984) ...................................... 3, 4, 5, 7, 8, 10

**STATE CASES**

*Robertson v. State,* 187 S.W.3d 475 (Tex. Crim. App.2006). ........................................4

*Lopez v. State,* 343 S.W.3d 137 (Tex. Crim. App.2011). ....................................4, 5, 10

*Nava v. State,* 415 S.W.3d 289 (Tex. Crim. App.2013) ..................................................4

*Menefield s. State,* 363 S.W.3d 591 (Tex. Crim. App. 2012) ...................................5, 10

*Thompson v. State,* 9 S.W.3d 808 (Tex. Crim. App. 1999) ............................................5

*Ex Parte Argent,* 393 S.W.3d 781 (Tex. Crim. App. 2013) ...........................................8

*Piland v. State,* 453 S.W.3d 473 (Tex. App. —Texarkana 2014,
    pet. struck). ...............................................................................................................8

**STATE STATUTES**

TEX. R. APP. P. 38.2 ........................................................................................................2

TEX. R. APP. P. 39.1 ........................................................................................................2

TEX. R. APP. P. 39.7(e) ...................................................................................................2

NO. 03-14-00559-CR

COURT OF APPEALS

FOR THE

AUSTIN SUPREME JUDICIAL DISTRICT

---

ZANE LYNN BARTON,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

---

APPEAL FROM

THE 274TH JUDICIAL DISTRICT COURT

HAYS COUNTY, TEXAS

TRIAL COURT CAUSE NO. CR-13-0614

---

**STATE'S BRIEF**

---

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW the State of Texas, by and through her Assistant District Attorney, Laura Garcia, and files this Brief in Opposition to Appellant's Brief

Page 1

pursuant to Texas Rules of Appellate Procedure Rule 38.2 and would show the Court the following:

## STATEMENT OF THE CASE

The State does not object to the Appellant's Statement of the Case.

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument. The facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.[1] Should the Court desire the parties to appear and argue, the State would appear for oral argument.[2]

## STATEMENT OF FACTS

The State does not object to the Appellant's Statement of the Facts.

## SUMMARY OF THE ARGUMENT

The Appellant complains that he was denied effective assistance of counsel and cites three acts of alleged deficient performance. The Appellant cites the trial counsel's failure to investigate his competency or sanity to stand trial; trial counsel's failure to convey the plea offer; and trial counsel's mention in front of the jury that the defendant would testify in the punishment phase. However, the appellant fails to

---

[1] *See* TEX. R. APP. P. 39.1.
[2] *See* TEX. R. APP. P. 39.7(e).

Page 2

overcome the strong presumption of reasonableness or, otherwise, meet his burden to prove any trial counsel error so egregious to fall below the standard. In addition, Appellant has failed to demonstrate prejudice to his defense sufficient to suggest a reasonable probability that the outcome of the trial was affected by trial counsel's failure. Therefore, Appellant's claims are meritless. His conviction and sentence should be affirmed.

## ARGUMENT

## STATE'S RESPONSE TO POINT OF ERROR:

## APPELLANT'S TRIAL COUNSEL WAS NOT INEFFECTIVE.

### *The Strickland standard for ineffective assistance of counsel*

The standard for testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington*[3] as a two pronged test. To prevail on an ineffective assistance of counsel claim, an Appellant must prove by a preponderance of the evidence first, that his counsel's representation fell below an objective standard of reasonableness and second, that the deficient performance prejudiced the defense.[4] The burden of proving ineffective assistance claims is on the petitioner.[5] Failure to meet the burden of either the deficient performance or sufficient prejudice prong

---

[3] *Strickland v. Washington,* 466 U.S. 668 (1984).
[4] *Id* at 687.
[5] *Id.*

Page 3

defeats the ineffectiveness claim.[6] Since each prong must be met, if the Appellant fails to meet the first prong, the court need not consider the second prong.[7]

In order to satisfy the first prong, the appellant must prove, by a preponderance of the evidence, trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms.[8] Appellant's right to effective assistance counsel does not guarantee an entirely errorless counsel.[9] Appellant must show the trial counsel's "errors were so serious as to deprive the defendant of a fair trial."[10] It is not sufficient to meet his burden for the Appellant to show, with the benefit of hindsight, that his counsel's actions or omissions were questionable.[11]

Appellate review of counsel's representation is highly deferential. The "courts indulge in a strong presumption that counsel's conduct was not deficient."[12] The Appellant must overcome the strong presumption that trial counsel's decisions were reasonably professional and motivated by sound trial strategy.[13] To rebut the presumption, the Appellant's claim of ineffective assistance must be "firmly founded in the record" and the deficiency claimed must be "affirmatively demonstrated" in

---

[6] *Id* at 700.
[7] *Id.*
[8] *Id* at 687-88.
[9] *Robertson v. State,* 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).
[10] *Strickland* at 687.
[11] *Lopez v. State,* 343 S.W.3d 137, 142-143 (Tex. Crim. App. 2011).
[12] *Nava v. State,* 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *Strickland* at 689.
[13] *Strickland* at 686.

the record.[14] Rarely will the trial court record on its own be sufficient to overcome the presumption and fulfill the Appellant's ineffective assistance claim on direct appeal.[15]

In order to satisfy the second prong, the appellant must show that the particular errors of trial counsel prejudiced the defense.[16] Merely showing that the errors had some conceivable effect on the proceedings will not met the appellant's burden.[17] To prove prejudice, appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.[18] A reasonable probability is a probability sufficient to undermine the confidence in the outcome.[19]

### 1. Appellant has failed to establish error that falls below the standard for trial counsel as the defendant was found to be competent in a mental health evaluation.

Appellant's first assertion of deficient performance fails. Appellant asserts that trial counsel failed to investigate the Appellant's mental health.[20] This assertion was made with the false assumption that the Appellant was not evaluated for competency or sanity.

---

[14] *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012).
[15] *Lopez* at 143.
[16] *Strickland* at 689.
[17] *Id* at 693.
[18] *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).
[19] *Strickland* at 687.
[20] App. Brf., pg. 15.

The initial court appointed counsel filed a motion to evaluate Appellant for competency and sanity with the court on October 16, 2013.[21] Although an order to conduct an evaluation is not found in the clerk's record, a forensic evaluation and report was completed.[22] Dr. Matthew L. Ferrara, Ph.D. was appointed by the court to perform Appellant's forensic evaluation for competency and sanity. On October 26, 2013, Dr. Ferrara completed his forensic evaluation report.[23] The forensic report was addressed to Appellant's counsel at the time and faxed to the presiding court.[24] Dr. Ferrara's evaluation "consisted of psychological testing, review of records, and face to face contact" with the Appellant.[25] Based on that data, he found the Appellant to be competent to stand trial and not insane at the time of the offense.[26]

The Appellant fails to meet his burden and establish trial counsel error. Counsel's conduct in relying on the forensic report is well within reasonable assistance. Trial counsel made no indications on the record that he had any suspicion or indication that the Appellant was suffering from any current mental health issues. Appellant fails to rebut the strong presumption that trial counsel's decision was reasonably professional. The Appellant has failed to establish the first *Strickland*

---

[21] 1 CR 15-16.
[22] *See* State Exhibit 1- Forensic Report.
[23] *Id.*, pg. 1.
[24] *Id.*
[25] *Id.*
[26] *Id.*

prong of deficient performance. As the first prong has failed there is no need for the Court to consider the second prong of prejudice.[27] All allegations of prejudice made by Appellant were baseless as they wrongfully presumed a lack of an evaluation for competency and sanity.

### 2. Appellant has failed to establish any failure to convey the plea offers to the Appellant as well as fails to meet his burden to show sufficient prejudice.

Appellant fails to meet his burden of proof for trial counsel's second alleged act of deficient performance. Appellant asserts trial counsel failed to inform him of the plea offers.[28] Both the clerk and court record are silent on this issue. Appellant's brief contains a footnote that refers to the Appellant never being aware of a particular plea bargain.[29] Appellant's comment is self-serving, unsubstantiated, and lacks context of various plea offers, offer rejections and offer withdrawals made during the pretrial process. Perhaps in hindsight the Appellant wishes he had previously accepted a plea bargain, but there is no evidence that trial counsel failed to relay the plea offers to the Appellant.

No statements or evidence is present in the record to overcome the strong reasonable representation presumption cloaking the trial counsel. Nothing in the

---

[27] *Strickland* at 700.
[28] App. Brf., pg. 17.
[29] App. Brf., pg. 17, fn. 1.

record "affirmatively demonstrates" any deficiency claimed.[30] Appellant fails to meet his burden and this first *Strickland* prong is not met. As the first prong of error was not met, the court need not discuss the second prejudice prong.[31]

In the event the court finds error that falls below the objective reasonableness, the Appellant still fails to meet the burden to demonstrate prejudice to the defense. Courts have held to establish prejudice from the ineffective act of failing to convey a plea offer, the Appellant must show a:

> "reasonable probability that
> (1) he would have accepted the offer if it had been communicated;
> (2) the prosecution would not have withdrawn the offer; and
> (3) the trial court would have accepted the plea agreement."[32]

In order to successfully meet that probability on direct appeal, the Appellant must demonstrate this through evidence or statements from counsel, the client and the trial court.[33] Appellant fails to demonstrate any such evidence. The Appellant fails to meet his burden on the second prong of prejudice. Appellant's second claim also fails.

> ### 3. Appellant has failed to establish how trial counsel's mention of Appellant's possible testimony in trial was an egregious error that fell below the standard of reasonable assistance. If error at all, no prejudice is shown as multiple curative instructions were provided to the jury.

---

[30] *Strickland* at 686.
[31] *Id* at 700.
[32] *See Ex Parte Argent,* 393 S.W.3d 781, 784 (Tex. Crim. App. 2013).
[33] *Piland v. State,* 453 S.W.3d 473, 476 (Tex. App. —Texarkana 2014, pet. struck).

Appellant's third assertion of deficient performance fails. The Appellant claims trial counsel's commenting to the jury that the defendant would testify at the punishment phase was ineffective error since the defendant did not testify.[34]

This innocuous mention that the defendant would testify must be placed in context. At the end of the State's punishment case and at the end of the business day the following transpired:

> State: No further witnesses. The State rests.
>
> Court: Is the Defense going to call any witnesses during punishment?
>
> Defense: I am, Your Honor.
>
> Court: Are they here, ready?
>
> Defense: It's going to be Mr. Barton, Your Honor. So we --- I know we talked about the ---we didn't have a jury charge ready or a jury pattern ready and we weren't going to give it to the jury today. I didn't know if you want to break for the day and start again with my one witness in the morning before we got it to them.
>
> Court: Okay. Ladies and Gentlemen, I am going to go ahead and break for the day.[35]

When the discussion is placed in context, it is reasonable to believe that this minor mention of the defendant testifying was simply in response to the courts

---

[34]App. Brf., pg. 18.

[35] 4 RR 113. In the record, the State is "Ms. Garcia" and the Defense is "Mr. Hernandez".

questioning. The questioning was for scheduling purposes. The answering of the court's questions, which happened to be in front of the jury, demonstrates a prepared, forthcoming, and reasonable counsel showing respect for the court and knowledge of his case. When taking the comment in context as a whole one cannot say it is "so outrageous that no competent attorney" would have responded to questioning as trial counsel did.[36] At the time trial counsel stated the Appellant was going to testify he had no reason to believe he wasn't. Now with the luxury of hindsight, we know the next day the Appellant decided not to testify.[37] However, an error viewed in hindsight is not the standard.[38] Appellant cites no fact-specific authority supporting his claims that this act rendered his trial counsel so outside the wide range of reasonable assistance to deem him ineffective. Appellant fails to meet his burden for the first *Strickland* prong. As the first prong of error was not met, the court need not discuss the second prejudice prong.[39]

In the event the court finds error that falls below the objective standard of reasonableness, the Appellant still fails to satisfy the second prong of prejudice. The record clearly reflects multiple cures to the error. The next trial day, when the defendant decided not to testify, the state, trial counsel, and the court discussed the

---

[36] *Menefield* at 592.
[37] 5 RR 4.
[38] *Lopez* at 142-143.
[39] *Strickland* at 700.

need to give an instruction to the jury since the jury was told the defendant would be testifying.[40] As the jury was brought in that morning, the defense rested without calling any punishment witnesses and the judge gave this instruction:

> Okay. Ladies and gentlemen, you heard yesterday that the defendant was considering testifying. I'm going to remind you he has a Fifth Amendment right not to testify. The fact that he may have changed his mind or changed strategy is not to be held against the defendant.
>
> That language will be in my charge, but I will tell you it's a constitutional right. It's a Fifth Amendment right to remain silent. The fact that he's chosen to remain silent cannot and should not be held against him in your deliberations regarding punishment.[41]

Additionally in the written punishment charge an instruction was given to the jury discussing the Appellant's Fifth Amendment Right and that the jury is not to consider the fact that the defendant did not testify.[42] This instruction was also read to the jury.[43] So the jury was admonished three times not to consider the trial counsel comment vis-a-vis Appellant's right not to testify.

There is no evidence the Appellant was prejudiced by counsel's comment. Appellant has failed to demonstrate prejudice to the defense sufficient to suggest a reasonable probability that the outcome of the trial was affected by trial counsel's failure. In fact, there is quite the opposite; the great weight of the evidence and

---

[40] 5 RR 4.
[41] 5 RR 9.
[42] 1 CR 98.
[43] 5 RR 12.

testimony against him proves an appropriately just sentence for this heinous crime. Appellant's third claim fails.

## CONCLUSION

Appellant's sole Point of Error is meritless and should be overruled. Appellant has failed to demonstrate deficient performance on the part of his trial counsel or that he suffered prejudice because of the alleged errors. No error was supported by the record. Appellant has thus failed to meet his burden. The overwhelming evidence was sufficient to support the Appellant's judgment and sentence in the case.

## PRAYER

The State prays that this honorable court affirm the jury's judgment and sentence.

Respectfully submitted,

By: _____
Laura Garcia
Asst. Criminal District Attorney
712 S. Stagecoach Trail, Suite 2057
San Marcos, Texas 78666
State Bar No. 24074249
laura.garcia@co.hays.tx.us
Attorney for the State of Texas

## CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P., RULE 9.4

I certify that this brief contains 1,978 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

By: _____
Laura Garcia
Asst. Criminal District Attorney
712 S. Stagecoach Trail, Suite 2057
San Marcos, Texas 78666
State Bar No. 24074249
laura.garcia@co.hays.tx.us
Attorney for the State of Texas

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing brief has been e-delivered to:

Amanda Erwin
amanda@theerwinlawfirm.com
The Erwin Law Firm, L.L.P.
109 East Hopkins Street, Suite 200
San Marcos, Texas 78666

on this the 2nd day of July, 2015.

Laura Garcia
Asst. Criminal District Attorney

# EXHIBIT A

# Matthew L. Ferrara, Ph.D.
### Clinical and Forensic Psychology
2500 W. William Cannon Drive · Suite 703 · Austin, TX · 78745
Tele: 512-708-0502 · Fax: 512-708-0557
mferraraphd@att.net

October 26, 2013

Martin Clauder
P.O. Box 171
Gonzales, TX 78629

**Re: State of Texas vs. Zane Barton CR-13-0614; 22nd District Court of Hays County**

Dear Mr. Clauder,

Per your request, on 10-25-13 I conducted a forensic evaluation of Zane Barton (DOB: 08-11-84). Mr. Barton was informed that there would be no confidentiality between him and the examiner and that anything he said, did, or wrote could be included in a report that would be sent to his attorney, the district attorney, and the judge presiding over his case.

The evaluation consisted of psychological testing, review of records, and face to face contact with Mr. Barton. Based upon the data collected during the assessment process, I completed a competency evaluation and an insanity evaluation for Mr. Barton. The following summarizes my current opinions regarding Mr. Barton.

1. **Competency Evaluation:** The competency evaluation was conducted to determine if Mr. Barton (1) has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding; (2) has a rational understanding of the proceedings against him; and, (3) has a factual understanding of the proceedings against him. Based upon the results of this evaluation, Mr. Barton **is** competent to stand trial.

2. **Insanity Evaluation:** The insanity evaluation was conducted to determine if at the time of the charged conduct, Mr. Barton as a result of severe mental disease or defect, did not know that his conduct was wrong. For the purpose of this evaluation, the term "mental disease or defect does not include abnormality manifested only by repeated criminal or otherwise antisocial conduct. Based upon the results of this evaluation, Mr. Barton was **not insane** at the time of the alleged charged conduct.

3. **Overall Opinion:** Mr. Barton has a mental illness but this mental illness does not interfere with his competency, nor did it impair his legal sanity at the time of his charged conduct. Mr. Barton does not require any special considerations to undergo a trial.

Dr. Ferrara is licensed as a psychologist (Texas License Number: 22796) and Licensed Sex Offender Treatment Provider (Texas License Number: 9469). Dr. Ferrara has worked full time with forensic clients since February 1985. He has conducted competency evaluations in the past. As a condition of continuing licensure, Dr. Ferrara complies with all requirements for continuing education.

This is a forensic evaluation and report and it will be utilized in a legal proceeding. This examiner has been conducting forensic evaluations on a regular basis since 1990. This examiner's forensic evaluations have been used in a variety of legal proceedings including criminal, civil, and administrative courts. Based upon this examiner's decades of experience and ongoing training on an annual basis, this examiner has the appropriate knowledge of and competence in all underlying areas of psychology in the matters related to this case.

This examiner has based all forensic opinions offered in this report based upon the methodology listed in this report. The methodology used by this examiner is sufficient to provide appropriate substantiation for each finding. This examiner has not offered an opinion in any area or matter about which the examiner does not have the appropriate knowledge or competency to render a professional opinion. In the opinion of this examiner, there is sufficient information to render a professional opinion in this matter.

This examiner is only offering an opinion about Mr. Barton's psychological characteristics. This examiner is not offering an opinion about the psychological characteristics of any individual that this examiner did not examine. If there are comments about the psychological characteristics in this report about anyone this examiner did not have contact with, those comments were offered by Mr. Barton and this examiner is merely reporting Mr. Barton comments without endorsing them.

Sincerely,

Signed Electronically:   *Matthew L. Ferrara, Ph.D.*

## Methodology

- <u>Contact with Mr. Barton</u>:
  - ➢ Clinical Interview
  - ➢ Social History
  - ➢ Mental Status Exam
- <u>Psychological Testing:</u>
  - ➢ Minnesota Multiphasic Personality Inventory - 2
- <u>Materials Reviewed</u>
  - ➢ San Marcos Police Department Incident Report Incident #: 13-28369
  - ➢ Hays Count Sheriff's Department Offense Report CL13-12784

## Competency Evaluation

### Clinical Observations

Mr. Barton had no difficulty on tasks that require abstract reasoning. He appeared to have at least average intelligence. His thinking was logical and rational. Mr. Barton reported a history of auditory and visual hallucinations but he did not appear to be responding to auditory or visual hallucinations during this evaluation. He did not appear to have difficulty with reality testing during this evaluation. He knew where he was, who was, and what he was doing. Mr. Barton is capable of distinguishing right from wrong. Mr. Barton appeared to have a dysphoric mood. The emotions that he showed tended to be blunted. He claimed that he experienced chronic paranoia and he gave convincing historical examples of being paranoid, e.g., if he leaves an open drink in a room, when he returns to the room, he must pour out the drink because he fears that his drink has been tampered with. Mr. Barton showed no difficulty recalling recent or remote events, except when it came to the matter of his charged conduct. Mr. Barton said that he was amnestic for the period of time in which his charged conduct is alleged to have occurred. Mr. Barton said that he has never experienced amnesia before or after the time of his charged conduct, which makes his claim of amnesia suspect. Mr. Barton's attention span was sufficient for the purposes of this interview. Mr. Barton related to this examiner in a submissive manner, which is somewhat odd for a paranoid person. Overall, Mr. Barton gave the appearance of having intellectual functioning in the average range. Mr. Barton probably does suffer from a bona fide mental illness.

### Current Medications

Mr. Barton stated that he currently takes Risperdal, Depakote, Elavil, Cogentin, and Prozac. He said that in the past, this medication regime helped him control his psychological symptoms. He said that the medication no longer has the same effect and he is hopeful that he gets a change in medication. Mr. Barton said that since being in jail, he has tried to get his medication changed and the psychiatrist responds by increasing his Risperdal, which only makes him sleep more.

### Diagnosis

Mr. Barton said that he has been diagnosed with chronic depression, bipolar disorder and schizophrenia. Mr. Barton doesn't appear to be schizophrenic. Mr. Barton said that he began feeling depressed during his youth, even before he started using drugs and alcohol. Mr. Barton has a history that would be consistent with a bipolar disorder.

### Competency Analysis

Based upon the available information, the following is a summary of the findings regarding Mr. Barton's psycholegal capacities:

| 1. **Rational understanding current charges and potential consequences** | |
|---|---|
| • Understands that he was arrested | Yes |
| • Rational understanding of why he was arrested | Yes |
| • Knows the crime(s) he is charged with committing | Yes |
| • Knows the counts(s) he is charged with | Yes |
| • Has a rational understanding of what it means to be charged with the crime(s) | Yes |
| • Knows the range of punishment for the crime(s) | Yes |

| | |
|---|---|
| • Understands what will happen to him if he is put on probation | Yes |
| • Able to explain how probation works | Yes |
| • Understands how his life would be different if he was put on probation | Yes |
| • Able to explain prison | Yes |
| • Understands how his life would be different if he was sent to prison | Yes |
| **2. Ability to disclose pertinent facts, events and states of mind to counsel** | |
| • Able to describe facts that could prove him innocent | Yes |
| • Able to describes facts that could prove him guilty | Yes |
| • Understands mitigation | Yes |
| • Able to describe mitigating factors in this case | Yes |
| • Able to describe his psychological state at the time of his charged conduct | Yes |
| • Able to accurately describe the psychological states of others around the time of his charged conduct | Yes |
| **3. Ability to engage in a reasoned choice of legal strategies and options** | |
| • Has a rational goal | No |
| • Able to articulate a rational defense against his charges | Yes |
| • Has thought of more than one defense strategy or has a multifaceted defense strategy | Yes |
| • Has a rational understanding of what it means to plead guilty | Yes |
| • Has a rational understanding of what it means to plead innocent | Yes |
| • Knows if he has entered a plea in this case | Yes |
| • Has a rational understanding of a plea bargain | Yes |
| • Has a rational understanding of competency | Yes |
| • Personally believes he is competent to stand trial | Yes |
| • Has a rational understanding of his relationship with his attorney | Yes |
| **4. Understands the adversarial nature of the proceedings** | |
| • Knows his attorney's name | Yes |
| • Knows how he obtained his attorney | Yes |
| • Has a rational understanding of his attorney's job | Yes |
| • Has a rational understanding of the district attorney's job | Yes |
| • Shows an understanding that the district attorney is adversarial | Yes |
| • Has a rational understanding of the role of a judge in a criminal trial | Yes |
| • Rational understanding of the role of a jury in a criminal trial | Yes |
| • Rational understanding of the role of a witness | Yes |
| • Rational and effective response to a witness who lies | Yes |
| • Shows some ability to protect himself/herself in dealing with | Yes |

| | |
|---|---|
| the district attorney | |
| **5. Ability to exhibit appropriate courtroom behavior** | |
| • Has been to court in the past and wasn't reprimanded for inappropriate behavior | Yes |
| • Shows an understanding of proper courtroom behavior | Yes |
| • Shows an understanding of proper courtroom clothing and grooming | Yes |
| **6. Ability to testify** | |
| • Willing to testify in this case | Unsure |
| • Has successfully testified in the past | No |
| • Understands what it takes to offer good testimony | Yes |
| • Believes he would make a good witness | No |
| • Has a rational understanding of perjury | Yes |
| • Understands that there are the penalties for perjury | Yes |

## Insanity Evaluation

The insanity evaluation was conducted to determine if at the time of the charged conduct, Mr. Barton as a result of severe mental disease or defect, did not know that his conduct was wrong. For the purpose of this evaluation, the term "mental disease or defect does not include abnormality manifested only by repeated criminal or otherwise antisocial conduct. Based upon the results of this evaluation, Mr. Barton was **not insane** at the time of the alleged charged conduct.

| **Insanity Evaluation** | |
|---|---|
| • In general, understands the wrongful nature of his charged conduct | True |
| • Was NOT experiencing mental health symptoms at the time of his charged conduct | False |
| • In the twenty-four hours prior to charged conduct, consumed alcohol | True |
| • In the twenty-four hours prior to charged conduct, consumed drugs | True |
| • At the time of charged conduct, knew that the charged conduct was wrong | True |
| • At the time of his charged conduct, he knew that he could be arrested for engaging in the charged conduct | True |
| • At the time of the charged conduct, he knew that people could get punished for this type of charged conduct | True |